IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Vera Hoskins,               ) | |
|                             ) | |
|    Plaintiff, ) | |
|                             ) | |
| v.                          ) | No.  3:08-cv-249-GPM |
|                             ) | |
| United Collection Bureau, Inc., an Ohio ) | |
| corporation, and LVNV Funding, LLC, a ) | |
| Delaware limited liability company,  ) | |
|                             ) | |
|    Defendants. ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Vera Hoskins, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a declaration that Defendants' debt collection practices violate the FDCPA, and to recover damages for Defendants' violation of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

3. Plaintiff, Vera Hoskins ("Hoskins"), is a citizen of the State of Illinois, residing in the Southern District of Illinois, from whom Defendants attempted to collect a delinquent consumer debt that she now allegedly owes to LVNV Funding, LLC.

4. Defendant, United Collection Bureau, Inc. ("UCB"), is an Ohio corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly

uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Southern District of Illinois. In fact, UCB was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Hoskins.

5.   Defendant, LVNV Funding, LLC ("LVNV"), is a Delaware limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts in the Southern District of Illinois. In fact, LVNV was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Hoskins.

**FACTUAL ALLEGATIONS**

6.   Ms. Hoskins is an elderly, disabled woman who fell behind on paying her bills. One such debt she was unable to pay was a debt she allegedly owes now to Defendant LVNV, which debt Defendant LVNV purchased from another entity after it became delinquent. Accordingly, Ms. Hoskins sought the assistance of legal aid attorneys at the Legal Advocates for Seniors and People with Disabilities ("LASPD"), regarding her financial difficulties.

7.   When Defendants sent Ms. Hoskins a form collection letter, dated April 20, 2007, demanding payment of a debt she allegedly now owes to Defendant LVNV, Ms. Hoskins forwarded the letter to her attorneys. A copy of this letter is attached as Exhibit A.

8.   On May 9, 2007, one of Ms. Hoskins' attorneys at LASPD sent Defendant UCB a letter, via first class U.S. Mail, advising UCB that Ms. Hoskins was represented

by counsel, that Ms. Hoskins' limited income is protected from attachment by federal law, and requesting that, based upon Ms. Hoskins financial difficulties, Defendants cease further collection activities.  A copy of this letter is attached as Exhibit B.

9.Nonetheless, Defendants sent another collection letter, dated May 22, 2007, directly to Ms. Hoskins, demanding payment of the alleged LVNV debt, which stated, in pertinent part:

* * *

CURRENT OWNER: LVNV FUNDING LLC

Your failure to reply to our previous notices has left us no alternative, but to contact you again for payment in full.

Do not remain silent, you have an obligation to pay this bill if there is no dispute involved.

Your willingness to satisfy this obligation must be demonstrated to all parties, however, your lack of communication can only be viewed at this time as a disregard for this debt.

You must remit payment or call our office so we can discuss this bill with you.

* * *

This collection letter is attached as Exhibit C.

10.On July 10, 2007, one of Ms. Hoskins' attorneys at LASPD's sent another letter to UCB, again advising it that Ms. Hoskins was represented by an attorney, that UCB's direct communications with Ms. Hoskins were improper, and demanding that it cease further communication with Ms. Hoskins.  A copy of this letter is attached as Exhibit D.

11.All of the collection actions at issue occurred within one year of the date of this Complaint.

12. Defendants collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

15. Defendants knew that Ms. Hoskins was represented by counsel in connection with this debt because one of Ms. Hoskins' attorneys had notified Defendant UCB that Ms. Hoskins was represented by counsel and requested that it cease its collection activities against Ms. Hoskins (Exhibit B).  Thus, by sending another collection letter (Exhibit C), directly to Ms. Hoskins, despite notice that she was represented by counsel in connection with the alleged LVNV debt, Defendants violated § 1692c(a)(2) of the FDCPA.

16. Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692e Of The FDCPA --
### False Statements

17. Plaintiff adopts and realleges ¶¶ 1-12.

18.     Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt.  See, 15 U.S.C. § 1692e.

19.     Defendants made numerous false and/or deceptive and misleading statements in their May 22, 2007 collection letter (Exhibit C), including, that Ms. Hoskins had "failed to reply to Defendants' previous notices," that Ms. Hoskins had "disregarded" the debt, and that Ms. Hoskins "must remit payment or call [Defendants'] office. . ."  In fact,  Ms. Hoskins' attorneys had responded to Defendant UCB on her behalf, via the May 9, 2007 letter (Exhibit B), and informed UCB that Ms. Hoskins was represented by an attorney and that her income was protected from attachment by federal law. Thus, Ms. Hoskins did not fail to respond to Defendants, did not disregard the debt, and did not need to pay the debt, because it was not in Ms. Hoskins' interest to pay the LVNV debt since her income is protected by law.  Defendants' statements thus violate § 1692e of the FDCPA.

20.     Defendants' violation of § 1692e of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff Vera Hoskins prays that this Court:

1.     Declare that Defendants' debt collection practices violated the FDCPA;

2.     Enter judgment in favor of Plaintiff Hoskins, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.  Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Vera Hoskins, demands trial by jury.

>Vera Hoskins,
>
>By: /s/ David J. Philipps
>One of Plaintiff's Attorneys

Dated:  April 1, 2008

David J. Philipps    (Ill. Bar No. 06196285)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com